# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JESSE JERMAINE MCGLOTHIN,

Defendant-Appellant.

UNPUBLISHED
April 13, 2017

No. 330032
Wayne Circuit Court
LC No. 14-009770-01-FC

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Defendant, Jesse Jermaine McGlothin, appeals as of right his sentences for his convictions, following a jury trial, on three counts of assault with a dangerous weapon (felonious assault), MCL 750.82, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced McGlothin as a second-offense habitual offender, MCL 769.10, to serve concurrent terms of 30 months to 6 years of imprisonment for each of his felonious assault convictions and 30 months to 7½ years of imprisonment for his felon in possession conviction, as well as a consecutive term of two years' imprisonment for his felony-firearm conviction. We remand for further sentencing proceedings under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

After a verbal and physical altercation at a neighborhood barbeque, McGlothin left the gathering and returned with a gun. He yelled profanity and began firing. Multiple witnesses testified that McGlothin fired at the ground, though a bullet entered the van window behind the witnesses. The jury found McGlothin guilty as described above.

McGlothin argues on appeal that the trial court improperly sentenced him on the basis of judicial fact-finding. McGlothin did not preserve this error by raising the issue at sentencing. Accordingly, we will review this issue for plain error affecting McGlothin's substantial rights. See *id*. at 392.

The Sixth Amendment does not permit judicial fact-finding to increase a defendant's sentencing floor in cases of mandatory minimum sentencing. *Id*. at 388-389. Offense variable (OV) 1 instructs a trial court to assess 25 points if "[a] firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon." MCL 777.31(1)(a). In this case, the trial court assessed 27 points under prior record variables (PRVs) and a total of 66 points under various OVs, including 25 points under OV 1 for his use of

-1-

a weapon.  But the jury did not determine whether McGlothin discharged his weapon at a victim. This judicially found fact altered McGlothin's sentencing range because, had the trial court not scored OV 1 at 25 points, McGlothin's total OV score would have been 41 points.  His recommended sentencing would have been 12 to 30 months' imprisonment for his felon in possession conviction, which is substantially less than the 14 to 36 months' imprisonment that the guidelines recommended when considering OV 1.  See MCL 777.16m; MCL 777.66.  We conclude that McGlothin has made a threshold showing of plain error and is therefore entitled to further proceedings under *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

We remand for further sentencing proceedings.  We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra